## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

Deborah A. Parker,         Case No. 5:23cv02393

           Plaintiff,

   -vs-           JUDGE PAMELA A. BARKER

                                   MEMORANDUM OPINION
Alexander A. Zumbar, et al.,       AND ORDER

           Defendants.

*Pro se* plaintiff Deborah A. Parker filed this *in forma pauperis* complaint. (Doc. Nos. 1, 3). For the following reasons, the Court dismisses this action.

### I. Background

On December 15, 2023, Plaintiff filed a document titled "Application of Forma Pauperis U.S. HUD Preliminary Injunction Parcel # 02-08416." (*See* Doc. No.1). Plaintiff also filed an application to proceed in this action *in forma pauperis*. (Doc. No. 2).

Plaintiff's Doc. No. 1 lists as defendants Stark County Treasurer Alexander A. Zumbar and Stark County Court of Common Pleas Judge Natalie R. Haupt, "plus 32 defendants." (*Id.* at 2). On the second page of this document, Plaintiff lists the following in the caption: "Application of Forma Pauperis, U.S. Dept. of HUD, Motion of Preliminary Injunction of Sale of House at … Bollinger N.E. Canton, Ohio Parcel # 02-8416, President Joe Biden COVID-19 Hate Crime Act, Violation of Disability Title II American Disabilities Act of 1973 Section 504." (*Id.*). The civil cover sheet accompanying this document noted that the nature of this lawsuit is "Recovery of Overpayment of Veteran's Benefits," and Plaintiff described the cause of action as "23 years over payment of property tax (business …)." (Doc. No. 1-4). On January 2, 2024, Plaintiff filed a supplemental

document that appears substantially similar to the original document filed in December. (*See* Doc. No. 3). This supplemental document identifies several new defendants, including two judges, several Stark County employees or officials, the Stark County Sheriff's Department, Canton Township, and other individuals. (*See id.*).

On January 19, 2024, Plaintiff filed a motion for extension of time to file a complaint "for medical reasons." (Doc. No. 4). The motion states only that she has been receiving "medical attention" since December. (*Id.*). As of the date of this Order, Plaintiff has not filed any additional documents, either in support of her most recent motion or in support of her purported claims. The Court notes that Plaintiff is well versed in *pro se* filings in federal court, having initiated 9 cases in this district. *See Parker v. Stark County Bd. of Mental Retardation and Developmental Disabilities*, No. 5:01-cv-01974 (filed Aug. 15, 2001) (*in forma pauperis* action dismissed pursuant to 28 U.S.C. § 1915(e)); *Parker v. Summit County Bd. of Mental Retardation & Developmental Disabilities*, No. 5:07-cv-03601 (filed Nov. 20, 2007) (dismissed due to case settlement); *Parker v. Stark County Bd. of Mental Retardation and Developmental Disabilities*, No. 5:07-cv-03602 (filed Nov. 20, 2007) (summary judgment granted in favor of defendant); *Parker v. Ohio Department of Mental Retardation and Developmental Disabilities*, No. 5:07-cv-03652 (filed Nov. 26, 2007) (dismissed for lack of subject matter jurisdiction and failure to state a claim); *Parker v. Stark County Health Dept., et al.*, No. 5:12-cv-02552 (filed Oct. 12, 2012) (dismissed for failure to state a claim and pursuant to *Rooker-Feldman* Doctrine); *Parker v. Stark County Treasurer, et al.*, No. 5:14-cv-00332 (filed Feb. 14, 2014) (dismissed for failure to state a claim); *Parker, et al. v. Commissioner of Social Security, et al.*, No. 5:16-cv-00278 (filed Feb. 5, 2016) (*in forma pauperis* action dismissed); *Parker v. Stark State College*, No. 5:16-cv-02729 (filed Nov. 8, 2016) (*in forma pauperis* action dismissed pursuant to 28 U.S.C. § 1915(e)); *Parker*

*v. Zumbar, et al.*, No. 5:18-cv-02285 (filed Oct. 2, 2018) (*in forma pauperis* action dismissed for want of prosecution). The Court therefore construes Doc. Nos. 1 and 3 as a complaint and denies Plaintiff's purported motion for extension of time (Doc. No. 4).

Plaintiff's complaint consists of disjointed sentence fragments and is difficult to follow. It appears that Plaintiff is challenging a foreclosure judgment in the Stark County Court of Common Pleas and a sheriff's sale. (*See* Doc. No. 1-1; Doc. No. 3 at 5). As best the Court can discern, Plaintiff appears to allege discrimination in relation to the foreclosure judgment and the sheriff's sale of Plaintiff's property. (*See* Doc. No. 3 at 5). In a conclusory fashion, she states that the Ohio Civil Rights Commission has failed to protect African Americans "in the thief of their properties" in violation of the Fifth Amendment. (Doc. No. 1 at 5).

In the complaint, Plaintiff states that she filed a complaint with HUD regarding housing discrimination. Plaintiff attached as an exhibit a copy of a letter from the U.S. Department of Housing and Urban Development ("HUD"), Office of Fair Housing and Equal Opportunity, dated July 15, 2022. (*See* Doc. No. 1-2). The letter appears to dismiss Plaintiff's complaint alleging that "Respondents" illegally sold Plaintiff's properties, failed to correctly calculate property taxes that resulted in overcharges, and violated her constitutional, bankruptcy, property, and civil rights. (*Id.*). The letter indicates that the Office of Fair Housing and Equal Opportunity does not have the authority to open a claim of housing discrimination "because several of the issues described in [the] claim do not constitute an illegal housing practice as defined, [she] did not file the complaint within the one year statute of limitation, and the issues [Plaintiff] raised have already been investigated by the Ohio Civil Rights Commission." (*Id.* at 2). The letter notifies Plaintiff of the right to file a civil lawsuit notwithstanding HUD's closure of the complaint filed under Section 813(a) of the Act. (*Id.*).

The complaint also makes the following unclear statements: Stark County Treasurer Zumbar "resolved the issues of nearly 2.9 million tax payer of homes was stolen monies was stolen by a deputy treasurer in 2010 starting from 2003-2009"; 1.5 million dollars that Stark County "homers monies were never replaced"; Plaintiff has been "overtaxed" for more than 22 years; Plaintiff "has experienced retaliation" from all Stark County judicial officers "and filed discrimination constantly"; and Zumbar has no jurisdiction to file a lawsuit for residential taxes owed by the plaintiff. (Doc. No. 1 at 4-5).

Additionally, Plaintiff appears to allege Judge Haupt has "illegally torn down" properties located on Girard Avenue after Plaintiff filed a discrimination claim, "in retaliation to the discrimination charges" Plaintiff filed with the Ohio Civil Rights Commission. (Doc. No. 1 at 7). Plaintiff states that certain property was "illegally torn down and broken into," citing "criminal damaging to the back door." (*Id.*). She also appears to allege that "people next door" attempted to steal "the group home." (*Id.* at 9).

It appears that Plaintiff seeks a preliminary injunction "to stop the illegal sale" of Plaintiff's property on Bollinger Avenue in Canton, Ohio. (Doc. No. 3 at 5).

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. No. 2). The Court grants that application. Accordingly, because Plaintiff is proceeding *in forma pauperis*, her complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis*

action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the

"lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations regarding all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The Court is not required to conjure unpleaded facts or questions not presented to the Court or construct full blown claims from sentence fragments against defendants on behalf of a *pro se* plaintiff. *See Beaudette v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). To do so would "require … the courts to explore exhaustively all potential claims of a *pro se*, … [and] would … transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* A plaintiff's failure to identify a particular legal theory places an unfair burden on the defendants to speculate on the potential claims being raised against them and the defenses they might assert in response. *Wells*, 891 F.2d at 594. Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)).

Here, Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as her pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rather, Plaintiff's complaint is composed entirely of conclusory allegations and sentence fragments. The complaint fails to include any discernible factual allegations, and it fails to support a cognizable claim with a factual

basis. The Court is not required to construct full blown claims from sentence fragments. Although Plaintiff appears to claim discrimination in housing, Plaintiff provides no facts supporting such claim. Her statement that the Ohio Civil Rights Commission has failed to protect African Americans is nothing more than a mere "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. The complaint does not satisfy the minimum pleading requirements of Rule 8. Even liberally construing the pleadings, Plaintiff's allegations are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

To the extent Plaintiff is asking this Court to reverse the state court foreclosure judgment and stop the sheriff's sale of the property, the Court lacks jurisdiction to grant that relief. United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was a violation of federal law. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *Id.* Under this principle, generally referred to as the *Rooker-Feldman* Doctrine, a party losing her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

The *Rooker-Feldman* Doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L.Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with

the United States Supreme Court. The *Rooker- Feldman* Doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

The *Rooker-Feldman* Doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d at 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker- Feldman* bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the plaintiff's injury is the state-court judgment itself, then the *Rooker-Feldman* Doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the court should also consider the Plaintiff's requested relief. *Evans v. Cordray*, 424 Fed. App'x. 537, 2011 WL 2149547, at *1 (6th Cir. 2011).

Here, the source of Plaintiff's purported injury is the state court judgment itself. She asks this Court to enjoin the defendants from enforcing the judgment of foreclosure and proceeding with the "illegal" sheriff's sale. (Doc. No. 3 at 5). This Court lacks jurisdiction to grant this relief.

Additionally, to the extent Plaintiff seeks to relitigate the foreclosure action, res judicata bars Plaintiff's claim. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a

new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both requirements are met in this case. The claims asserted in this action could and should have been asserted in the state foreclosure court. Plaintiff is therefore barred from litigating these issues again.

## IV. Conclusion

The Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2). And for the foregoing reasons, the Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

  s/*Pamela A. Barker*
PAMELA A. BARKER
Date: March 28, 2024              U. S. DISTRICT JUDGE